**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| ROBERT KURTZ, | : |
| Plaintiff, | : 17 Civ. |
| – against – | : |
| MOMO HOLDINGS, LLC and DAVID CHANG, | : **Complaint and Jury Demand** |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff, Robert Kurtz ("Plaintiff"), by and through his attorney, Corey Stark PLLC, complains of defendants and respectfully sets forth to this Court as follows:

## NATURE OF THE ACTION

1.     This is an action to recover damages from defendants Momo Holdings LLC ("Momo") and David Chang ("Chang") (collectively "Defendants") for discrimination on the basis of age in the terms, conditions, and privileges of employment under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Administrative Code of the City of New York § 8-801, *et seq.* ("NYCHRL"), and the New York Executive Law § 290, *et seq.* ("NYSHRL").

## JURISDICTION

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(4), and 28 U.S.C. § 1367.

## VENUE

3.     Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the Southern District of New York is the judicial district in the state in which the unlawful employment practices are alleged to have been committed.

## PREREQUISITES

4.      Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

5.      On July 12, 2017, the EEOC issued a Notice of Right to Sue ("Right-to-sue Letter"), which permitted Plaintiff to file a civil action within ninety days of Plaintiff's receipt of the Right-to-sue Letter.

6.      Plaintiff commenced this action within ninety days of his receipt of the Right-to-sue Letter.

7.      Before filing the complaint in this action, Plaintiff caused a copy of the same to be served upon the Corporation Counsel of the City of New York.

## PARTIES

8.      Plaintiff is male, and his date of birth is May 12, 1962.

9.      At all times hereinafter mentioned, Plaintiff was a resident of the State of New Jersey.

10.      At all times material herein, Plaintiff was an "Employee" entitled to protection within the meaning of the ADEA, NYCHRL, and NYSHRL.

11.      Momo is a domestic limited liability company with its principal office located at 60 East 11th Street, Floor 5, within the City, County, and State of New York.

12.      Upon information and belief, Momo is a holding company that was and still is in the business of operating various restaurants under the Momfuku Group umbrella.

13.      Momo is an "Employer" within the meaning of the ADEA, NYCHRL, and NYSHRL.

14.     Upon information and belief, Chang resides in the City, County, and State of New York.

15.     Upon information and belief, at all times material herein Chang was and is Momo's Chief Executive Officer and exercises significant control of Momo's day-to-day operations.

16.     Chang is an "Employer" of Plaintiff under the NYCHRL and NYSHRL.

17.     Chang actually participated in, and aided and abetted, the conduct giving rise to the discrimination.

18.     This action arises out of Defendants' wrongful, illegal, and tortious conduct within the State of New York.

## BACKGROUND

19.     Plaintiff earned a Bachelor of Science degree in accounting from Albright College in 1984.

20.     Plaintiff earned a Master's degree in taxation from Fairleigh Dickinson University in 1994.

21.     Plaintiff has had a well-established career as a finance professional in the hospitality industry.

22.     Beginning in May 2016 Plaintiff provided consulting services to Momo.

23.     Momo recruited Plaintiff in August 2016, and Plaintiff commenced his employment by Momo with the title or position of Vice President of Finance.

24.     At all times material herein Momo assigned Plaintiff to report to Chang.

25.     Although Momo did engage in a practice of providing its employees with annual written performance appraisals, Plaintiff was never reviewed.

26.     At all times during the course of his employment by Defendants, through and including the last day of his employment, Plaintiff performed his services competently, faithfully, diligently, and in an outstanding manner.

27.     In fact, Plaintiff performed his work duties so well that Chang raved about Plaintiff's work and referred to him as "the difference maker."

28.     In addition, in December 2016 Defendants awarded Plaintiff a merit-based performance bonus, which Plaintiff declined personally and instead distributed to his finance team.

29.     Despite his outstanding work performance, Defendants treated Plaintiff with hostility and less favorably than similarly situated employees who were younger.

30.     On February 6, 2017, Defendants terminated Plaintiff's employment

## DISPARATE TREATMENT/HOSTILE WORK ENVIRONMENT

31.     During Plaintiff's employment by Defendants, Defendants created, promoted, and maintained a pervasively hostile work environment and atmosphere.

32.     Plaintiff was the oldest person employed by Defendants in the corporate office.

33.     In the course of Plaintiff's employment Defendants became aware of the fact that Plaintiff was over 50 years old.

34.     Plaintiff was singled out for harassment based upon his age. For example, Chang repeatedly referred to Plaintiff as the "old man" and the "old man from New Jersey."

35.     Emphasizing the importance of youth at Momo, Chang attempted to limit Plaintiff's activities by repeatedly advising Plaintiff that he was "too old" for particular activities.

36.     Chang excluded Plaintiff from some meetings based on his age, and at those meetings Plaintiff was permitted to attend made him feel unwelcome through inappropriate comments about his age.

37.     Momo fostered the discriminatory and pervasively hostile work environment by failing to take action to remedy the situation and by neglecting to provide diversity training.

38.     Defendants' campaign of harassment and disparate treatment continued until February 6, 2017, when Defendants terminated Plaintiff's employment without notice or cause.

39.     The reasons given by Defendants for Plaintiff's termination were that he allegedly engaged in unprofessional conduct and had an incurable conflict of interest by encouraging Momo to purchase a software product that was manufactured by a company in which Plaintiff had an investment interest.

40.     Plaintiff did not engage in unprofessional conduct and did not maintain an investment interest in the company that manufactured the software,

41.     Said pretext was further established a few days after the termination of Plaintiff's employment when Christina Tosi, the founder of Momofuku's Milk Bar, which is Momo's dessert program, called Plaintiff to say that she was upset by Plaintiff's termination and that the reasons for his termination were different than those recited in Plaintiff's termination letter.

42.     Upon information and belief, it was age discrimination that motivated Defendants' decision to terminate Plaintiff's employment.

## AS AND FOR A FIRST COUNT

43.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "42" inclusive with the same force and effect as if fully set forth at length herein.

44.     Momo unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age.  By reason thereof, Momo has violated the ADEA.

45.     As a direct and proximate result of Momo's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Momo's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

46.     As a direct and proximate result of Momo's discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A SECOND COUNT

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "42" inclusive with the same force and effect as if fully set forth at length herein.

48.     Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age.  By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon his age, in violation of the NYCHRL.

49.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

50.     As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A THIRD COUNT

51.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "42" inclusive with the same force and effect as if fully set forth at length herein.

52.     Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age.  By reason thereof, Defendants have violated the NYSHRL.

53.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

54.     As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has also sustained significant economic damages.

**WHEREFORE,** Plaintiff demands the following relief:

a)     a money judgment against Defendants for his damages, including but not limited to lost wages, liquidated damages, lost benefits, other economic damages, shame, humiliation, embarrassment, and mental distress;

b)     reinstatement or in the alternative front pay;

c)     an award of punitive damages and attorneys' fees;

e)     prejudgment interest and costs; and

f)     such further and additional relief as the Court deems just and appropriate under the circumstances.

COREY STARK PLLC

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York   10022
(212) 324-3705

7

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
July 23, 2017

COREY STARK PLLC

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York   10022
(212) 324-3705